IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02075-WYD-MEH

KHUMBA FILM (PTY.), LTD.,

    Plaintiff,

v.

DOES 1-14,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 25, 2014.**

    Before the Court is a "Motion to Quash" filed by a John Doe Defendant [filed August 21, 2014; docket #13]. The motion contains John Doe's name and address; however, from the content of the motion, the Court infers that John Doe seeks to proceed in this litigation anonymously. Accordingly, the Court construes the motion as a properly filed motion seeking permission to proceed anonymously and the Court **grants** the motion in this regard **only**.[1] *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). John Doe may proceed anonymously in this matter as "John Doe" only for the purpose of adjudicating any motion to quash or motion to dismiss. Upon resolution of the motion to quash or motion to dismiss, should John Doe perceive a need to continue proceeding anonymously in this case, he/she must then seek permission from the Court to continue proceeding anonymously.

    However, to the extent John Doe seeks to quash the subpoena served upon his/her Internet Service Provider, John Doe has failed to file with the motion a copy of the challenged subpoena and, thus, the request to quash is **denied without prejudice**. If John Doe chooses to re-file a motion to quash, he/she must do so **on or before September 8, 2014** and must file a copy of the challenged subpoena with the motion.

---

[1] In addition to compliance with Rule 11, the Court also notes the necessity of having John Doe's contact information for the proper and efficient management of its docket.

   The Clerk of the Court is directed to maintain the document at docket #13 under Restriction Level 2 until further order of the Court and to send a copy of this order to John Doe at the address listed in docket #13.